# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

JESSIE FOX GARCIA                                                                  PETITIONER


v.                                          NO. 5:06CV00231 WRW/HDY


LARRY NORRIS, Director of the                                          RESPONDENT
Arkansas Department of Correction


### FINDINGS AND RECOMMENDATION


### INSTRUCTIONS


The following findings and recommendation have been sent to United States District Judge William R. Wilson, Jr.  Any party may serve and file written objections to these findings and recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendation.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, Arkansas 72201-3325

<u>DISPOSITION</u>

The record reflects that in June of 2003, petitioner Jessie Fox Garcia ("Garcia") was convicted by a White County, Arkansas, Circuit Court jury of raping his minor step-daughter.  He was sentenced for the offense to 240 months in the custody of respondent Larry Norris ("Norris").  Garcia appealed the judgment of conviction to the Arkansas Court of Appeals.  The appeal, though timely filed, was never perfected, and he was forced to subsequently tender a partial record.  He then filed a <u>pro</u> <u>se</u> motion with the Arkansas Supreme Court to proceed with the appeal and to do so <u>in</u> <u>forma</u> <u>pauperis</u>.  The state Supreme Court construed his motion to proceed with the appeal as one for rule on the clerk to lodge the record.  The state Supreme Court granted the motion for rule on the clerk and permitted Garcia to appeal <u>in</u> <u>forma</u> <u>pauperis</u>, specifically finding as follows:

> In the instant case, [defense counsel] filed a notice of appeal and was thus obligated to represent … Garcia until such time as he was permitted by the appellate court to withdraw pursuant to Ark. Sup.Ct. R. 4-3(j)(1).  [Defense counsel] did not act to protect [Garcia's] right to appeal, and thus [Garcia] was left without the effective appellate representation guaranteed to a convicted criminal defendant by the Sixth Amendment.  …  [Defense counsel's] failure to preserve Garcia's right to appeal was clearly error.  The direct appeal of a conviction is a matter of right, and a State cannot penalize a criminal defendant by declining to consider his or her first appeal when counsel has failed to follow mandatory appellate rules. …

> We would require [defense counsel] to continue as attorney-of-record for this appeal, but he has been suspended from the practice of law for failure to comply with continuing legal education requirements.  As he is not in good standing as a member of the bar, we appoint Mr. Martin Patterson to represent [Garcia]. ...

See Garcia v. State, 2004 WL 2824221 at 1-2 (Ark.S.Ct. 2004).  Garcia continued the appeal of his conviction with appointed counsel.  In the appeal, he advanced only one claim, that being, a multi-part challenge to the representation afforded by his trial and appellate attorneys.  The state Court of Appeals eventually dismissed his appeal because his claim was not preserved for appellate review, specifically finding as follows:

> It is well settled that appellate courts will not consider claims of ineffective assistance of counsel as a point on direct appeal, irrespective of the alleged magnitude of counsel's ineptitude, unless the issue has been fully developed and considered by the trial court. ...  Accordingly, we do not reach the merits of Garcia's claim.

See Garcia v. State, 2005 WL 2160766 at 1 (Ark.App. 2005).

Norris maintains that Garcia did not thereafter pursue post-conviction relief, an assertion Garcia does not dispute.  Garcia does, however, represent the following: "by the time appellate counsel was appointed, ... Garcia would have [been] time barred from raising a Rule 37 post-conviction relief cause of action because it [would] not [have] been filed within ninety days of the conviction."  See Document 2 at 3.

-4-

Garcia commenced this proceeding with the assistance of counsel by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254.  His claim and its many sub-parts sprang from one source: the representation provided by his attorneys.  He specifically maintained that his attorneys were ineffective in the following respects: they failed to subpoena witnesses, they failed to gain admission of certain documents, they improperly questioned a witness, they failed to preserve the record on appeal, they introduced the very Rule 404(b) evidence they had intended to keep from the jury, and they failed to perfect the appeal of his conviction.[1]  The brief accompanying Garcia's petition was noteworthy in one additional respect: it contained a rather lengthy explanation of why his claims were not procedurally barred from federal court review.

Norris subsequently responded to the petition.  He maintained, inter alia, that the claim contained in the petitioner was procedurally barred from federal court review. Norris maintained that the claim was so barred because Garcia never fairly presented it to the state courts of Arkansas.  Norris specifically maintained that "[u]nder Arkansas law, once the Arkansas Court of Appeals issued the mandate in his direct appeal, [Garcia] had sixty days in which to file a petition pursuant to Rule 37 …" see Document 8 at 5, but he did nothing during the sixty day period.

---

[1]

Garcia's accompanying brief also contained the following assertions: (1) his attorneys failed to adequately prepare a defense, (2) they failed to object to inadmissible evidence, (3) they failed to offer evidence to prove the defense, (4) they failed to vigorously cross-examine the prosecution witnesses, and (5) the attorneys failed to present an effective opening statement and closing argument.

The undersigned briefly examined the record in this proceeding. On the basis of that examination, the undersigned determined that Garcia should be notified that Norris was seeking the dismissal of the petition at bar because the lone claim raised in it, i.e., the multi-part challenge to the representation afforded Garcia by his trial and appellate attorneys, was allegedly procedurally barred from federal court review. Although Garcia had previously offered an explanation of why his claim was not so barred, the undersigned determined that Garcia should be accorded an opportunity to offer any additional arguments. He was so notified and invited to submit a reply to Norris' assertion.

Garcia accepted the aforementioned invitation by filing a reply.[2] In that submission, he re-alleged what he had previously advanced in the brief accompanying the petition at bar, that being, his trial and appellate attorneys were ineffective in numerous respects.

The undersigned has now had an opportunity to thoroughly examine the record in this proceeding. On the basis of that examination, the undersigned makes the following findings and recommendation with regard to Garcia's petition.

---

[2]

The response was actually filed by Garcia's attorney. See Document 13. The record reflects that Garcia indicated a desire to submit a response on his own behalf. Although the undersigned typically does not recognize, or otherwise respond to, submissions made by a petitioner represented by counsel, the undersigned in this instance invited Garcia to submit a response on his own behalf. The record reflects that Garcia declined the invitation.

In Wainwright v. Sykes, 433 U.S. 72 (1977), the United States Supreme Court determined that a federal court should not consider a petitioner's habeas corpus claim if he procedurally defaulted in litigating the claim in state court. A procedural default occurs when a petitioner fails to present a claim to the state courts in accordance with its procedural rules and allows the state courts an opportunity to address the claim. See Wooten v. Norris, 2006 WL 2686925 (8th Cir. 2006).[3]

The record reflects that Garcia attempted to raise only one claim in the direct appeal of his conviction, that being, his multi-part challenge to the representation afforded by his trial and appellate attorneys. The state Court of Appeals dismissed the appeal because the claim was not preserved for appellate review. Garcia did not thereafter attempt to raise the claim in a collateral proceeding pursuant to Arkansas Rule of Criminal Procedure 37. Because he never obtained an appellate court ruling on the lone claim at bar, save a dismissal of the claim on procedural grounds, it cannot be said that he properly raised it in state court and allowed the state courts an opportunity to address it. The undersigned therefore finds that Garcia procedurally defaulted the lone claim at bar.

---

[3]

"In order to preserve a claim for relief, a habeas petitioner must present that claim to the state court and allow that court an opportunity to address the claim. Moore-El v. Luebbers, 446 F.3d 890, 896 (8th Cir.2006) (citing Coleman v. Thompson, 501 U .S. 722, 731-32 (1991)). Where a petitioner fails to follow applicable state procedural rules, any claims not properly raised before the state court are procedurally defaulted. Id. (citing Sawyer v. Whitley, 505 U.S. 333, 338 (1992); Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir.) …)." See Wooten v. Norris, 2006 WL 2686925 at 3.

Having so found, the question is whether Garcia can show cause for his procedural default.  With respect to cause, the United States Supreme Court has "declined in the past to essay a comprehensive catalog of the circumstances that [will] justify a finding of cause."  <u>See</u> <u>Smith v. Murray</u>, 477 U.S. 527, 533-34 (1986).  One can discern from other decisions, though, instances in which cause might be found: where some objective factor external to the defense impeded counsel's efforts to comply with a state's procedural rules, <u>see</u> <u>Murray v. Carrier</u>, 477 U.S. 478 (1986); where a constitutional claim is so novel that its legal basis is not reasonably available, <u>see</u> <u>Reed v. Ross</u>, 468 U.S. 1 (1984); or, if effective assistance of counsel was not afforded, <u>see</u> <u>Murray v. Carrier</u>, 477 U.S. at 488.  There is also one extraordinary circumstance when relief may be granted without a showing of cause: where a constitutional violation has probably resulted in the conviction of one who is actually innocent.  <u>See</u> <u>Id</u>. at 496.

As cause, Garcia appears to advance two assertions.  He appears to maintain that there was an objective factor external to the defense that impeded his efforts to comply with the procedural rules established by the State of Arkansas.  He specifically maintains the following: "by the time appellate counsel was appointed, ... Garcia would have [been] time barred from raising a Rule 37 post-conviction relief cause of action because it [would] not [have] been filed within ninety days of the conviction."  <u>See</u> Document 2 at 3.

Post-conviction relief in the State of Arkansas is governed Arkansas Rule of Criminal Procedure 37.  Paragraph (a) of the rule provides that "[i]f the conviction in the original case was appealed to the … Court of Appeals, then no proceeding under this rule shall be entertained by the circuit court while the appeal is pending."  Paragraph (d) of the rule provides, in part, that if an appeal was taken of a conviction but the appeal was later dismissed, "the petition must be filed … within sixty (60) days of the date the appeal was dismissed."  Thus, the time for filing a petition for post-conviction relief does not commence until after the conclusion of a petitioner's direct appeal and, once it commences, he has sixty days within which to file a petition.

The record reflects that on December 9, 2004, during the pendency of Garcia's direct appeal, the state Supreme Court appointed him substitute counsel.  Because Garcia's appeal was then pending, the sixty day period for filing a petition for post-conviction relief had not commenced.  It did not commence until September 8, 2005, the day after the state Court of Appeals dismissed his appeal.  Accepting that the confusion surrounding the substitution of counsel on appeal was some objective factor external to the defense, it did not impede Garcia's efforts to comply with Arkansas Rule of Criminal Procedure 37 because he still could have filed a petition for post-conviction relief following the conclusion of his appeal.  In light of that fact, the confusion surrounding the appointment of substitute counsel cannot serve as cause for the procedural default.

Alternatively, Garcia maintains that he failed to receive the effective assistance of counsel and, as a result, he has cause for his procedural default. Without question, ineffective assistance of counsel can serve as cause for a procedural default. It is clear, however, that his assertion cannot serve as cause in this instance. Ineffective assistance of counsel can serve as cause if the claim is first presented to the state courts as an independent claim. See Leggins v. Lockhart, 822 F.2d 764 (8th Cir. 1987).[4] The record is clear that Garcia never properly presented a claim of ineffective assistance of counsel to the state courts as an independent claim. He attempted to do so in the context of his direct appeal, but the appeal was dismissed because the claim was not preserved for appellate review. He did not thereafter attempt to raise the claim in a collateral proceeding pursuant to Arkansas Rule of Criminal Procedure 37.

In addition to the foregoing, the undersigned makes note of one other related matter. The allegedly ineffective representation that Garcia received did not prevent him from seeking post-conviction relief. He could have commenced the proceeding following the dismissal of his direct appeal and, in such a proceeding, could have raised the claims he now advances. He would not have been prejudiced in that proceeding by his first appellate attorney's act of abandonment.

---

[4]

"A claim of ineffective assistance of counsel must be presented to the state court as an independent claim before it may be used to establish cause for [a] procedural default or denominated as a ground for habeas relief." See Id. at 768 [citing Murray v. Carrier, 477 U.S. 478 (1986)].

On the basis of the foregoing, the undersigned finds that Garcia cannot show cause for his procedural default.  Because he cannot do so, the undersigned finds that Garcia's claim in this petition is procedurally barred from federal court review.  The undersigned therefore recommends that Garcia's petition be dismissed and judgment entered for Norris.

DATED this ___16___ day of May, 2007.


_____
UNITED STATES MAGISTRATE JUDGE